### FRASER v. GREENHILL.

An attachment under the Code is not original process, as it is under the Revised Statutes. It is a provisional remedy only.

When one creditor has sued out an attachment under the Code, other creditors of the defendant may be made co-defendants.

IN this case the plaintiff had sued the defendant and had sued out an attachment against his property, and other creditors moved for leave to be made parties to the suit, so as to share in the proceeds of the attachment.

*Edmonds, J.:* One of the valuable provisions of the Code, is its enactment in respect to parties. By section 117 all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be made plaintiffs. By section 118 all persons claiming an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved, may be made defendants. By section 119 all who are united in interest must be joined as plaintiffs or defendants, and by section 122 when a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in.

Thus, in all suits doing away with the old rule which prevailed at law, as to parties, which frequently compelled a resort to equity to do the complete justice which the rules of law would not allow, and doing away with much of the necessity for cross-bills and bills in the nature of such, which formerly prevailed in equity and substituting for this cumbersome

machinery, the more simple, expeditious, and economical practice of bringing in all parties interested, in the first instance, or afterward by special motion.

There was a great deal of that machinery which grew up gradually, from the necessity of cases as they arose, and from the varying and constantly extending character of contracts. The action of the courts was restrained by general principles from which they could not depart without permission of the legislature, and they were constrained to apply those principles to new cases as they arose, in the best manner which their rules and practice would allow.

That restraint is now, however, taken off by the act of the legislature, and courts are now fully at liberty to make any and all persons parties to a suit who are in any way interested in the controversy. And the inquiry now is, not whether by the rules and practice of the court a person can be made a party, but whether his presence is necessary to a complete determination of the controversy. If it is, the statute is imperative, the court shall order him to be brought in, and the practice of the court must be made to bend to this mandate and be modified accordingly.

I have looked upon these provisions of the Code as very salutary and wise, and it seems to me, that if carried out in the same spirit which gave them birth, they will be highly beneficial in their effects.

Testing this case by these principles, the question is, whether Richie and McCormick must necessarily be present to a complete determination of this controversy, and whether they claim an interest adverse to the plaintiffs in the first suit.

The attachment, under the Code, is not original process, and upon that alone a suit cannot be commenced, nor can a judgment be obtained. It is a provisional remedy alone.

In these respects it differs from the process of attachments warranted by the Revised Statutes.

It differs in another respect. The attachment under the Revised Statutes was for the benefit of all creditors, and

sequestrated the property of the debtor for general distribution; but under the Code it is for the benefit of the attaching creditor alone, and the judgment which he may obtain in his suit, may be satisfied out of the property attached, either by virtue of the judgment itself, where the property attached has already been converted into money in the hands of the sheriff, or by a sale under an execution to be issued on the judgment.

In both cases, as well under the Code as under the Revised Statutes, the matter in controversy is not merely as to the amount which the debtor may owe the attaching creditor, but as to the amount which he may be entitled to receive out of the fund, which is in court by virtue of the process of attachment.

In such case, the matter is widely different from a case where no attachment has been issued, but where a summons only has been issued, and the question is simply how much the defendant owes the plaintiff.

In the one case, the question is merely between the debtor and creditor, and in the other it is that, with the material addition of a controversy between the creditors how much each is entitled to, out of a common fund in which both are interested.

In the attachment under the Revised Statutes one creditor may contest the amount claimed by another, because both are interested in a common fund. So on claims to a surplus on a sale on foreclosure of a mortgage, where frequently the plaintiff and defendant have little or no interest in the matter in controversy, but contending creditors have the engrossing interest, contest with each other, and are allowed to appear and be heard because they have an interest in a common fund.

It seems to me that a suit under the Code, where the provisional remedy of an attachment has been used, and property has been seized upon it, is a cognate case and must be governed by the same principle, and that I cannot say that the controversy involved, even in the suit of *Fraser & Co.* v. *Greenhill*, does not embrace within its scope, the common fund in court and each one's share in it. When they obtain

Fraser v. Greenhill.

their judgment in the suit in which they have sued out their attachment, they will be entitled, by virtue of the judgment, to full satisfaction of it out of the fund in court, and I see no mode of protecting subsequent attaching creditors against collusion, except by allowing them to contest the claim of prior attaching creditors.

Formerly, to reach such a case, it would be necessary for subsequent creditors to bring an independent suit against the debtor and prior creditors, claiming to set aside a judgment because of collusion, or to prevent a judgment from well grounded apprehension of it.

Can such an independent suit now be necessary and must parties be subjected to the expense and delay of it?

A complete determination of the controversy in respect to the fund which is in court by virtue of the attachment, can not be had without the presence of the subsequent creditors, and those creditors claim and have an interest in the whole controversy involved in the suit brought by the prior creditors.

It appears to me, then, that this is a case which is eminently within the provisions of the Code, not only within its spirit, but its very letter, and that it illustrates in a striking manner the benefits which may arise from its provisions in respect to parties.

I therefore allow the motion of Richie and McCormick, so far as to allow them to be parties defendant to the suit brought by Fraser & Co. against Greenhill, but without costs to either party.